**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────

**No. 14-4521**

───────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN GUY DAVIS, IV,

              Defendant - Appellant.

───────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00360-CCE-2)

───────

Submitted: February 25, 2015      Decided: March 3, 2015

───────

Before NIEMEYER, KING, and THACKER, Circuit Judges.

───────

Affirmed by unpublished per curiam opinion.

───────

Seth Neyhart, Chapel Hill, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Guy Davis, IV, pled guilty pursuant to a plea agreement to conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and was sentenced to twenty-nine months in prison. Davis's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Davis's plea was knowing and voluntary and his sentence reasonable. Davis has not filed a pro se supplemental brief despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

Because Davis did not move in the district court to withdraw his plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Davis must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013); United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets this burden by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted). We have reviewed Davis's Fed. R.

2

Crim. P. 11 hearing transcript and conclude that the district court complied with Rule 11, that Davis's guilty plea was knowing and voluntary, and that there was a factual basis for the plea. Accordingly, we affirm Davis's conviction.

We review Davis's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

3

We conclude that Davis's sentence is procedurally and substantively reasonable. The district court correctly calculated Davis's Guidelines range, granted Davis's motion for a downward variance, and adequately explained its reasons for imposing the twenty-nine-month variant sentence. Thus, we affirm Davis's sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Davis. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4